[Civ. No. 11465.   First Dist., Div. Two.—May 15, 1941.]

FRED T. BARRON, Appellant, v. THE BOARD OF DENTAL EXAMINERS, Respondent.

Edwin W. Geary, Bartley C. Crum and John A. O'Kane for Appellant.

H. E. Lindersmith for Respondent.

SPENCE, J.—Petitioner, a practicing dentist who had been suspended for a limited period by the defendant board for unprofessional conduct, filed his petition in the superior court seeking a peremptory writ of mandate directed to said board. He appeals from a judgment which denied him such relief.

Petitioner was charged by accusation before said board with "unprofessional conduct" as defined in section 1680, subdivision 12 of the Business and Professions Code which covers "The advertising of professional superiority or the performance of professional services in a superior manner." It was alleged therein "that within one year last past and prior to the date of this accusation, on a date known to the accused but unknown to complainant, he knowingly and intentionally caused to be published in the telephone directory for the City of Oakland, County of Alameda, State of California, issued by the Pacific Telephone & Telegraph Company and circulated to its subscribers in the City of Oakland, County of Alameda, State of California, in the month of November 1937, an advertisement wherein and whereby the said Fred T. Barron did advertise as a dentist, professional superiority or

the performance of professional services in a superior manner which advertisement was in words and figures which follow, to wit: . . . ''. The entire advertisement was set forth in the accusation and it contained the statement, ''His 'NATURALLY BEAUTIFUL' plates, combined with 'FACIAL RECONSTRUCTION' in designing, makes him Oakland's leading PLATE DENTIST.''

A hearing was had before the board at which petitioner was present and was represented by counsel. Petitioner testified on his own behalf. He admitted causing the advertisement to be published but he claimed that he did not ''wilfully intend to violate any law.'' When asked by his own counsel, ''Now, Doctor, on this particular advertisement here that is objectionable, did you have any intention of violating any rule at that time?'', he answered, ''No, I had not.'' It appeared at the hearing that petitioner had previously been accused before the board of illegal advertising. It was stated by his counsel on the hearing that on the previous occasion his counsel stated to the board ''that if they would indulge him, I (his counsel) would see that any future copy that the doctor wished to use would first be submitted to the board. Now, in this particular instance there was a slip-up.'' At the conclusion of the hearing and before submitting the matter to the board, counsel for petitioner merely expressed the hope that the decision of the board would not be a ''sand bag'', stating ''If he were alone it would possibly be one thing; but you will be throwing some other men (meaning petitioner's employees) out of work if the board feels that it has to make an example out of him for an infraction of this sort.'' At no time during the hearing did petitioner or his counsel challenge the regularity of the proceedings in any way or question the fact that the advertising constituted unprofessional conduct within the meaning of said subdivision 12 of said section 1680. Thereafter the board found petitioner ''guilty as charged in the accusation'' and made its order of suspension.

Petitioner later filed his petition in the superior court. He alleged there (1) that the action of the board constituted an abuse of discretion in that the evidence before the board was insufficient as ''it appeared that petitioner did not make use of any advertising wherein he claimed professional superiority'' and that the discretion of the board ''could only be exer-

cised in one way, namely, the finding that petitioner was not guilty of the accusation made against him", and (2) that said subdivision 12 of section 1680 was unconstitutional. An answer to said petition was filed and the cause was submitted to the trial court upon the record before the respondent board. The trial court made findings against petitioner and in favor of the respondent board, including specific findings of unprofessional conduct based upon said advertisement.

We find no merit in either of the points raised by petitioner in his petition for a writ of mandate filed in the superior court. Petitioner does not urge the constitutional question on this appeal and there appears to be no doubt as to the constitutionality of said section. (See *Webster* v. *Board of Dental Examiners,* 17 Cal. (2d) 534 [110 Pac. (2d) 992] ; *Semler* v. *Oregon State Board,* 294 U. S. 608 [55 Sup. Ct. 570, 79 L. Ed. 1086].) ■ As to the sufficiency of the evidence, it appears entirely clear that an advertisement as "Oakland's leading plate dentist" constitutes an advertisement of professional superiority. Several other points, however, are raised by petitioner for the first time on this appeal.

■ Petitioner contends that the accusation filed before the board was insufficient to confer jurisdiction upon the board. It is first argued that "the accusation charges in the alternative and not positively and is indefinite, ambiguous, uncertain and unintelligible." This argument is directed at the allegation that petitioner did advertise "professional superiority or the performance of professional services in a superior manner". We find no merit in this argument. While so-called alternative pleading is ordinarily condemned, we believe that the accusation here was sufficient to confer jurisdiction on the board as no material allegations were alleged in the alternative. The accusation would have been sufficient in this regard if it had merely charged that petitioner had been guilty of unprofessional conduct as defined in said subdivision of said section of the code in that he had advertised in a certain manner setting forth the advertisement in full. It was unnecessary to repeat the wording of the subdivision in the accusation and the mere fact that the wording thereof was repeated in the alternative and in the same manner that it appears in said code is wholly immaterial. ■ It is next argued that the accusation was not verified as required by section 1672 of the Business and Professions Code. It appears

that it was sworn to before the secretary of the board but it is claimed that said secretary was not authorized by law to administer oaths. We deem it unnecessary to discuss the question of whether said secretary was authorized to administer oaths for the reason that the defect, if any, was waived by petitioner by proceeding to a hearing before the board without objection. (*Donovan* v. *Board of Police Commrs.*, 32 Cal. App. 392, 403 [163 Pac. 69]; see, also, *Horstmeyer* v. *Trial Board*, 21 Cal. App. (2d) 533 [69 Pac. (2d) 1021].) ■ It is next argued that the accusation charges a violation of a section of the Business and Professions Code, "which code was not effective as law at the time of the commission of the alleged acts." It is claimed that the last acts done by petitioner, being the approval of the proof for the advertisement, were done on August 23, 1937, and that said code did not become effective until August 27, 1937. It may be pointed out that the advertising was done at petitioner's direction in the November, 1937, telephone directory but, in any event, the provisions of said section 1680 were merely continuations of previously existing statutory provisions (see Bus. & Prof. Code, sec. 2; Stats. 1915, chap. 426; Deering's Gen. Laws, Act 2048) and petitioner was properly charged under said code with acts done prior to August 27, 1937, in violation of the previously existing statutory provisions as continued in the new code. (*Sobey* v. *Molony*, 40 Cal. App. (2d) 381 [104 Pac. (2d) 868].)

■ Petitioner further contends that the finding made by the board of "guilty as charged in said accusation" was insufficient. A complete answer to this contention of petitioner is found in the recent case of *Webster* v. *Board of Dental Examiners*, 17 Cal. (2d) 534 [110 Pac. (2d) 992], at pages 542 to 544. ■ Similarly petitioner contends that the findings of fact of the superior court were insufficient because they followed the language used in the accusation filed before the board and contained a finding of advertising "professional superiority or the performance of professional services in a superior manner." But as above indicated, we are of the view that the allegations of the accusation were sufficient without resort to the alternative allegations above discussed and we are further of the view that the findings were sufficient without resort to the alternative findings of which petitioner complains.

■ Finally, petitioner contends that the board acted "arbitrarily, capriciously and oppressively" in suspending his license. Under this heading, petitioner first restates his above mentioned claims of the alleged insufficiency of the accusation, of the evidence and of the findings of the board. He then argues that even assuming that "the alleged offensive advertisement constitutes unprofessional conduct", and that the evidence shows that it was "run or printed in the November, 1937, issue of the Oakland Telephone Directory", there is "no affirmative showing that the advertisement was ever brought home to the public and no witness called so testified." We are of the opinion however that the fact that the regular issues of the directory of the telephone company are "brought home to the public" is a matter of such common knowledge that there was no necessity for testimony with respect thereto. (10 Cal. Jur. 691, et seq.)

■ Throughout the briefs, petitioner has relied strongly upon *Kalman* v. *Walsh*, 355 Ill. 341 [189 N. E. 315], and contends that said case cannot be distinguished from the case before us. We find but little similarity in the situations presented. There was no complaint or accusation filed in the Kalman case but the dentists were notified to appear for an investigation to determine whether or not they had done one or more of several acts set forth in general terms and in the alternative in said notice. The court said on page 317, "It is apparent from this writing that no charges, as a matter of fact, had been filed as contemplated by the statute. The notice and the supposed charges are all in that one writing. The supposed 'written charges' as contained in such writing appear to be rather a galaxy of 'whethers' or 'whether or nots', rather than written charges of the violation of any of the acts legislated against by said section 7 as it existed prior to July 7, 1933." Again on said page 317, the court said "The supposed charge in this record shows that the contemplated hearing was a hearing in the nature of an inquisition similar to an investigation by a grand jury. This is not the hearing that is provided by the statute. Neither the dental board nor the department has the power, under the statute, to originate or prefer charges against a dental practitioner. The charges against the complainant herein, in order to confer jurisdiction upon the dental committee, should have been in writing, filed with the secretary of the board and contain

direct, positive, and specific charges based upon the alleged commission by the accused of some of the acts prohibited by section 7.''

In the instant case, the charge against petitioner was contained in a written accusation duly filed. Said accusation contained the direct, positive and specific charge that petitioner had been guilty of unprofessional conduct in advertising in a certain manner in an advertisement which was set forth in full in the accusation. We find nothing in the Kalman case which would indicate that the accusation filed with the board here was insufficient to confer jurisdiction upon said board.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.