[Civ. No. 14479. Second Dist., Div. One. May 29, 1944.]

BOARD OF DENTAL EXAMINERS OF CALIFORNIA, Respondent, v. E. K. JAMESON, Appellant.

Booth B. Goodman for Appellant.

John M. Hoffman and Lionel B. Browne as Amici Curiae on behalf of Appellant.

H. E. Lindersmith for Respondent.

WHITE, J.—This is an appeal from a judgment permanently enjoining and restraining defendant from carrying on or conducting the practice of dentistry, as that profession is defined and regulated by chapter 4 (§§ 1600-1752) of the Business and Professions Code (Stats. 1937, ch. 399, p. 1229), and which chapter is commonly known and cited as the "Dental Practice Act." Except as otherwise indicated, section numbers herein referred to are sections of said code. Authority for the commencement and prosecution of this litigation is contained in section 1705.

The cause was submitted to the trial court upon an agreed statement of facts which, insofar as pertinent to the disposition of this appeal, recited that the defendant never has been, and is not now, licensed to practice dentistry in the State of California; that he "caused a certain advertisement to be printed, published and circulated to the public" in the Los Angeles Telephone Directory on or about September 1, 1941, and again in the issue of June, 1942, reading as follows:

"Perfect
DENTAL PLATES
are NOT expensive
If You Arrange to Deal With
MANUFACTURING DENTAL LABORATORY

This is not a dental office, but a laboratory. Our entire facilities are devoted to the building of fine plates which you may arrange to purchase at our low laboratory rates.

Plates Repaired and Rebuilt
E. K. Jameson Dental Laboratories
4157 W. 5th St. at Western          Phone Expstn 1000"

The agreed statement of facts also narrated that defendant is an individual doing business in the city of Los Angeles in his own name and under the firm name and style of Jameson Dental Laboratories; that his business consists of the construction, making, alteration and repairing of bridges and dentures, when the casts or impressions for the work have been made or taken by a licensed dentist and a written authorization signed by a licensed dentist accompanies each order given to appellant for such work; that in some instances appellant does such work at the instance and request of some licensed dentist, delivering the completed work to him; that in instances when a layman approaches

with the view of buying the bridges and dentures from him, defendant "refers the layman to dentists, submitting a list of three names together with a statement that he is not a dentist and that he has no authority or authorization by law to supply them with their wants but that the same must be made through a dentist and that the dental fees must be arranged with the dentists; that, however, he does the laboratory work and supplies the material therefor and that the same may be paid by the layman directly to" defendant "for the said laboratory fees, which said fees are wholly removed from the dental fees which the said layman pays directly to the dentist"; that defendant "has on display in his laboratory various samples of dentures manufactured by him"; and that he shows them "to any and all persons who inquire relative to the same and quotes his price for each sample irrespective of whether the inquiry comes from dentists or from laymen or members of the public, and that the prices for his said dentures are fixed according to the value of each piece of merchandise"; and that "in the case of the layman or member of the public making such inquiry," defendant "advises that the price quoted is a fixed price only for the laboratory work and denture and does not include the fees charged by the dentist."

Based upon such agreed statement of facts, the court found "that it is true that said E. K. Jameson" . . . (an unlicensed person) . . . "at all times mentioned in said complaint has been, and is now, engaged in carrying on and conducting the practice of dentistry, as defined in the Dental Practice Act, in the State of California, in that he did, by causing said printed advertisement . . . to be printed, published and circulated as aforesaid, indicate and now continues to *indicate by said printed advertisement that he will construct, alter, repair, and sell dentures and artificial dental plates.*" (Italics added.)

█ The sole issue presented upon this appeal is whether, because of the publication and circulation of the aforesaid advertisement, defendant is engaged in the practice of dentistry as such practice is defined in section 1625 of the act, which provides:

"A person practices dentistry within the meaning of this chapter who . . . (c) . . . *in any way indicates that he will construct, alter, repair or sell any bridge, crown, denture*

*or other prosthetic appliance or orthodontic appliance."*
(Italics ours.)

The industry of counsel has not produced any authorities upon the precise question with which we are here confronted, nor have our efforts in that regard been rewarded with the discovery of an applicable authority. The case is concededly one of first impression.

We must, therefore, have recourse to the cardinal rule that in the construction of statutes the legislative intent must govern. In attempting to arrive at the legislative intent, the entire act must be considered, as well as other enactments upon the same subject, including the legislative history of the legislation upon the subject matter in question; all for the purpose of enabling the court to give the statute the force and effect which the Legislature intended, and so as to obviate the evil sought to be remedied.

Applying the rule just announced to the statute here under consideration, in an effort to determine whether the conduct of defendant amounted to the practice of dentistry, we find that in the year 1885 dentistry was, for the first time, regulated in California (Stats. 1885, ch. CXXVII, p. 110). A new act was adopted in 1915 (Stats. 1915, ch. 426, p. 698). The original act of 1885 required only that those who were then engaged in the practice of dentistry should, within six months after the effective date of the act, register with the Board of Dental Examiners. Without specifying any educational qualifications, it was also provided that, after the act became effective, all persons other than those then engaged in the practice of the profession should be required, as a prerequisite to entering upon such practice, to submit to an examination by the board as to their qualifications. By the act of 1915 it was required that all persons desiring to take an examination must be possessed of a high school education, as well as a diploma from a reputable college of dentistry. Subsequently, other amendments were made to the act, and in 1937 the Dental Practice Act was made a part of the Business and Professions Code.

It is interesting and helpful to note that section 11 of the 1915 act provided that:

"Any person shall be understood to be practicing dentistry within the meaning of this act who shall . . . . (3) in any way indicate that he will perform by himself or his agents

or servants any operations upon the human teeth or jaws, or (4) make an examination of, with intent to perform or cause to be performed any operation on the human teeth or jaws . . . . but nothing in this act contained shall prohibit . . . . an unlicensed person from performing merely mechanical work upon inert matter in a dental laboratory.''

Manifestly, there was not included in the definition of the practice of dentistry just quoted, mechanical operations consisting of the construction, making, altering, or repairing of bridges and dentures such as characterized the dental laboratory business conducted by defendant herein. Undoubtedly, a dental technician could have contracted and dealt directly with a customer who sought such service. But, in 1933, the Legislature further extended the definition of those who ''should be understood to be practicing dentistry within the meaning of this act'' so as to directly affect the activities of unlicensed persons who were engaged in doing dental work of a mechanical nature, by adding to the foregoing subdivision (3) of section 11 of the 1915 act the following: ''or in any way indicates that he will construct, alter, repair, or sell any bridge, crown, denture or other prosthetic appliance or orthodontic appliance'' (Stats. 1933, ch. 84, p. 526).

By the same act, the language of section 11 of the 1915 statute relating to what an unlicensed person might do was deleted, and in its place was substituted the language now appearing in subdivision (e) of section 1626 of the Business and Professions Code, reading:

''The following practices, acts and operations, however, are exempt from the operation of this chapter . . . . . (e) The construction, making, alteration or repairing of bridges, crowns, dentures, or other prosthetic appliances or orthodontic appliances when the casts or impressions for this work have been made or taken by a licensed dentist, but a written authorization signed by a licensed dentist shall accompany the order for the work or it shall be performed in the office of a licensed dentist under his supervision.''

It seems clear from a reading of the foregoing legislative changes in the Dental Practice Act that the lawmaking body sought thereby to raise the standards of the profession, and in so doing that they extended the definition of what constituted the practice of dentistry beyond simply the actual performance of operative work or treatments on the gums, jaws or

teeth. To that end, it is to be noted that in defining what constitutes the practice of dentistry, section 1625 not only includes one who "performs, or offers to perform, an operation or diagnosis of any kind . . . . of the human teeth, alveolar process, gums or jaws," but, by subdivision (c) of this section provides that any person who "In any way indicates that he will perform . . . . any operation upon the human teeth, . . . . or in any way indicates that he will construct, alter, repair or sell any bridge, crown, denture . . ." will thereby be practicing dentistry.

An examination of the stipulation of facts herein discloses that appellant, who possessed no license to practice dentistry, was advertising that "our entire facilities are devoted to the building of fine plates which you may arrange to purchase at our low laboratory rates." Manifestly, appellant was thereby indicating to the public that he would "construct and sell" plates and dentures. Subdivision (c) of section 1625 unequivocally declares that such conduct constitutes the practice of dentistry.

Appellant, however, contends that subdivision (e) of section 1626 specifically exempts his business from the operation of the act by expressly permitting an unlicensed person to engage in the mechanical work done by appellant under the conditions described in said subdivision (e) of section 1626, all of which conditions concededly were met by appellant in the conduct of his business. Without doubt, appellant has the right to engage in the construction, alteration, or repairing of plates and bridges under the conditions which, according to the agreed statement of facts, characterized his operations, without impinging upon the provisions of section 1625, which defines what amounts to the practice of dentistry, but, when he advertises to the public that he will do these things, then he is practicing dentistry. The main objective of the legislation prohibiting certain forms of advertising is to protect the public from deception. If appellant be permitted to advertise as he did then he would be indicating that he will do, or offers to do, that which only a licensed dentist can do, because, under the provisions of subdivision (e) of section 1626, an unlicensed person can only engage in the mechanical work done by appellant "when the casts or impressions for this work have been made or taken by a licensed dentist"; and then only when "a written authorization signed by a licensed dentist shall accompany the order for the work

or it shall be performed in the office of a licensed dentist under his supervision."

Furthermore, judged in the light of the inhibitions against certain forms of advertising by licensed dentists contained in section 1680, which, among other things, prohibits a licensed practitioner from asserting professional superiority, or advertising a guarantee of his dental service, and for the doing of which he may be disciplined for unprofessional conduct (*Barron* v. *Board of Dental Examiners*, 44 Cal.App.2d 790 [113 P.2d 247]; *Webster* v. *Board of Dental Examiners*, 17 Cal.2d 534 [110 P.2d 992]), it is manifest that appellant's advertisement of "perfect dental plates" would not be allowed to a licensed dentist. We do not regard it as at all reasonable to assume that the Legislature intended that dental laboratories, or laboratory technicians, should be allowed to engage in practices denied to licensed practitioners. Neither do we believe that it was ever intended by the Legislature that dental laboratories and technicians should be permitted to compete with licensed dentists. The legislative intent in this regard is clearly indicated by the language of section 1625, which declares that any person who "By card, circular, pamphlet, newspaper or in any other way advertises himself or represents himself to be a dentist," or who "offers to perform, an operation or diagnosis of any kind" is practicing dentistry. Whether a dental technician or manufacturer may legitimately, by advertising or otherwise, bring to the attention of licensed dentists the business in which such technician or manufacturer is engaged and the service he is prepared to render, is not before the court in the instant proceeding and need not be determined. True, in the instant case appellant's advertisement states therein that "this is not a dental office, but a laboratory." However, taken as a whole, the advertisement is not directed to practicing dentists whose laboratory work appellant is seeking and which work is to be done under the prescription or direction of such licensed practitioner, but the advertisement is an invitation to the public to "arrange to deal with manufacturing dental laboratory." And for what purpose? Manifestly, to secure professional services of the kind and type which, according to subdivision (c) of section 1625, is reserved only to those licensed to practice dentistry, unless it is done by an unlicensed person in conformity with the con-

ditions and restrictions imposed by subdivision (e) of section 1626.

Appellant urges that the right given to manufacture dental plates implies not only the right to sell them, but also the right to advertise such products. Ordinarily this might be true, but in connection with the manufacture and fitting of dentures or plates in the human mouth, "the legislature was not dealing with traders in commodities, but with the vital interest of public health, and with a profession treating bodily ills and demanding different standards of conduct from those which are traditional in the competition of the market place." (*Semler* v. *Oregon State Board of Dental Examiners*, 294 U.S. 608, 612 [55 S.Ct. 570, 79 L.Ed. 1086]; *Webster* v. *Board of Dental Examiners, supra.*)

For the reasons herein stated, the judgment from which this appeal was taken is affirmed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 27, 1944. Carter, J., and Schauer, J., voted for a hearing.