H. M. POIRIER, DOING BUSINESS AS PIONEER DENTAL LABORATORY, APPELLANT, v. BOARD OF DENTAL EXAMINERS OF NEVADA, CONSISTING OF ROSS WHITEHEAD, MORRIS GALLAGHER, HOWARD WOODBURY, VINCENT SANNER, STEPHEN COMISH, A. A. COZZALIO AND DAVID W. MELARKEY, RESPONDENT.

No. 4434

April 30, 1962                    370 P.2d 960

*Harry A. Busscher,* of Reno, for Appellant.

*Goldwater, Taber and Hill,* and *Cooke & Roberts,* of Reno, for Respondent.

**OPINION**

By the Court, McNAMEE, J.:

This is an action brought to enjoin appellant from advertising that he can or will perform certain acts which allegedly constitute the practice of dentistry.

The record shows that on the hearing for a preliminary injunction before the Honorable Gordon W. Rice, District Judge, certain advertising from the current telephone directory and from the Washoe County newspapers was received in evidence, together with the testimony of witnesses. As a result of said hearing the lower court issued a preliminary injunction restraining appellant from advertising that he could or would perform dental operations of any kind, or that he could correct malpositions of the teeth or jaws, take impressions, or do any practice included in the curricula recognized in dental colleges, or perform mechanical work on inanimate objects without a written prescription from a licensed dentist.

Thereafter, appellant was ordered to show cause why he should not be punished for contempt for his failure to obey said preliminary injunction. The contempt hearing was before the Honorable Clel Georgetta, District Judge, and evidence, both oral and written, was admitted. The parties thereupon stipulated in writing that "the proceedings, testimony, and exhibits offered during the hearings in the above-entitled case shall be considered as a trial upon the merits, to the end that all issues raised by the complaint, answer, and motions presented herein be finally determined and a final judgment entered."

Pursuant to said stipulation the lower court found that appellant had never been licensed to practice dentistry, and entered judgment granting the permanent injunction prayed for. Appeal is from said judgment. The permanent injunction enjoins and restrains appellant from:

1. Advertising or permitting to be advertised by any media that he can or will attempt to perform dental operations of any kind, or that he can or will repair, reline, or rebuild dental plates.

2. Diagnosing, professing to diagnose, treating, or professing to treat, any of the diseases or lesions of the oral cavity, teeth, gums, or the maxillary bones.

3. Taking impressions in the mouth or oral cavity of people for the purpose of relining, altering, making or repairing dentures, or directing that such impressions be taken.

4. Supplying artificial teeth as substitutes for natural teeth, or placing in the mouth and adjusting such substitutes or directing that such be done.

5. While performing the services of a dental laboratory technician, from performing mechanical work on inanimate objects without first obtaining a written prescription from a dentist licensed to practice in Nevada for such mechanical work.

6. From engaging in the practice of dentistry as defined by the Nevada Dental Act.

It is apparent that the acts enjoined are substantially the same as those enjoined in the recent case of Ambrose v. Board of Dental Examiners, 78 Nev. 130, 369 P.2d 672. Appellant here urges that the injunctive order exceeds the scope of the statute and includes matters which are not supported by the record. The same argument was made in Ambrose and rejected.

Appellant attacks the constitutionality of the Nevada Dental Act (NRS 631.010–631.400) on two grounds:

(a) That it attempts to regulate dental laboratories and dental technicians, and that the title of the act gives no such indication. In Ambrose, we held that such attack is without merit.

(b) That the provisions of the act are an unreasonable exercise of the police power. The case of State v. Anderson, 54 Wash.2d 156, 338 P.2d 740, and cases cited therein, accurately point out that this objection is not well taken. Accord, Thrasher v. Board of Governors, 359 P.2d 717 (Okla. 1961). The case of Berry v. Summers, 76 Ida. 446, 283 P.2d 1093, has been cited in many cases as representing a contrary view. Even if such be so, the case of Berry v. Koehler, 369 P.2d 1010 (Idaho 1962), establishes Idaho as now in accord with State v. Anderson, supra.

As a final ground for reversal appellant contends that self-incriminating evidence was admitted into the record over his objection.

During the contempt hearing appellant was asked, while being examined as an adverse witness, whether he had performed work on inanimate objects as a dental lab technician without a written prescription of a licensed dentist. His attorney, claiming the privilege against self-incrimination, objected to the question upon the ground that appellant was being asked to testify with respect to a matter which, if answered in the affirmative, would constitute a misdemeanor under the Nevada Dental Act. The trial court ultimately permitted respondent's counsel to proceed with this line of questioning, with the understanding that appellant's objection went to this entire line of testimony. If we assume that the testimony thereupon given by the appellant should have been excluded in view of the objection raised and that it was error for the trial court to consider the same, the admission of such testimony was not prejudicial to the appellant because:

First, appellant was purged of any contempt when it was shown to the lower court that he had not been personally served with a copy of the preliminary injunction; and

Second, this was an action to enjoin appellant from advertising as aforesaid. It was stipulated that all the proceedings, testimony, and exhibits could be considered by the court in rendering its final judgment on the merits. The advertising from a telephone directory and from the two Reno newspapers was before the trial court as evidence at the time it rendered its decision and judgment. It had been received in evidence upon stipulation of the parties at the hearing on the motion for a preliminary injunction. This evidence in itself is legally sufficient to sustain the injunction. It consisted of advertising free dental services, which is defined as dishonorable and unprofessional conduct under the Nevada Dental Act, and advertising the performance of dental operations, to wit, the repairing, relining, and rebuilding

of dental plates, which constitutes the practice of dentistry under said act. Board of Dental Examiners v. Jameson, 64 Cal.App. 614, 149 P.2d 223.

There being no prejudicial error, the judgment is affirmed.

BADT, C. J., and WATERS, D. J., concur.

THOMPSON, J., being disqualified, the Governor designated Honorable Richard L. Waters, Jr., Judge of the First Judicial District, to sit in his stead.