H. M. POIRIER, DOING BUSINESS AS PIONEER DENTAL LABORATORY, APPELLANT, v. BOARD OF DENTAL EXAMINERS OF NEVADA, CONSISTING OF ROSS WHITEHEAD, MORRIS GALLAGHER, HOWARD WOODBURN, VINCENT SANNER, STEPHEN COMISH, A. A. COZZALIO, AND DAVID W. MELARKEY, RESPONDENT.

No. 4872

October 15, 1965                    406 P.2d 534

[Rehearing denied November 29, 1965]

*Bradley & Drendel,* of Reno, for Appellant.

*Goldwater, Taber and Hill,* and *Cooke & Roberts,* of Reno, for Respondent.

## OPINION

By the Court, BADT, J.:

This is an appeal from a judgment of the Second Judicial District Court finding the appellant, H. M. Poirier, guilty of criminal contempt of court and sentencing him to be confined in the Washoe County jail for a period of five days and to pay a fine of $500, or, in the alternative and at appellant's election, to serve twenty-five days in the Washoe County jail.

We heretofore denied repondent's motion to dismiss the appeal.

A permanent injunction was issued on February 13, 1961, by the district court in Washoe County enjoining and restraining appellant, H. M. Poirier, from "1. Advertising or permitting to be advertised, by any media that he can or will attempt to perform dental operations of any kind, or that he can or will repair, reline, or rebuild dental plates" and "6. From engaging in the practice of dentistry as defined by the Nevada Dental Act." The validity and constitutionality of this permanent injunction were upheld by this court in Poirier v. Board of Dental Examiners, 78 Nev. 232, 370 P.2d 960 (1962).

On August 28, 1962, the district court found appellant guilty of violating the court's permanent injunction and directed that he be ordered to serve a term of ten days in the Washoe County jail with sentence suspended. Also, it was provided that any future violation of the judgment and decree would constitute a ground of revocation of probation and appellant would then serve ten days in jail. He was fined $52.00 which was paid in cash in lieu of 13 days in jail at four dollars per day.

In 1964, appellant was again ordered to show cause why he should not be held in contempt of court for further violation of the permanent injunction and on March 25, 1964, appellant was found to be in contempt of court and was fined $250.00.

This present matter came before the district court pursuant to an order, directed to appellant, to show cause why he should not be punished for contempt for violating the court's order by advertising in various newspapers and in the Nevada telephone directory. These advertisements were as follows:

In Nevada Veterans Journal of April and August, 1964: "Pioneer Dental Lab, a friend of the denture wearer since 1955, 616 B. Street, Sparks, 358–4018."

In Tonopah Times Bonanza and Goldfield News of April, 1964: "Pioneer Dental Lab, established 1955, 616 B. Street, Sparks, Nevada."

In Bell Telephone Company—Nevada Directory of

1964: "Pioneer Dental Plate Labs, established 1955, H. Noel Poirier, Denturist." (In yellow pages with an additional charge being placed by the telephone company for this type of advertisement.)

The Nevada Veterans Journal is distributed to all veterans in the State of Nevada and has a circulation of approximately 10,000. The Tonopah Times Bonanza and Goldfield News is a newspaper of general circulation, distributed mainly in Nevada.

The following questions are presented:

1.   Did appellant violate the permanent injunction which prohibited him from advertising, or permitting to be advertised, by any media that he can or will attempt to perform dental operations of any kind or that he can or will repair, reline or rebuild dental plates, when he placed these advertisements in the Nevada Veterans Journal, the Tonopah Times Bonanza and Goldfield News and the Nevada Directory of the Bell Telephone Company?

2.   Does this interpretation of the permanent injunction, limiting appellant's ability to advertise, violate his rights under the First and Fourteenth Amendments of the United States Constitution?

3.   Was the comment, made by respondent's counsel in his closing argument to the district court, concerning appellant's failure to take the stand to testify as to the publishing of the advertisements, recited at length supra, a violation of Nevada Revised Statutes 178.235 and of the Fourteenth Amendment of the United States Constitution?

1.   In Poirier v. Board of Dental Examiners, 78 Nev. 232, 370 P.2d 960 (1962), this court upheld the validity and constitutionality of the permanent injunction which had been issued against the appellant by the district court of Washoe County on February 13, 1961. The pertinent sections of that injunction restrained the appellant from: "advertising or permitting to be advertised by any media that he can or will attempt to perform dental operation of any kind, or that he can or will repair, reline, or rebuild dental plates * * *; from

engaging in the practice of dentistry as defined by the Nevada Dental Act."[1]

The district court found on January 18, 1965, that appellant had violated this permanent injunction and found him in contempt of court. The basis for this action was the placing of the advertisements set forth above. There would seem to be little question that the appellant violated the injunction in two of the three instances. By placing in the Nevada Veterans Journal of August, 1964, the words, "Pioneer Dental Lab, *a friend of the denture wearer since 1955,* 616 B Street, Sparks, 358–4018," (emphasis supplied) it is obvious that appellant was attempting to appeal to the general public and to solicit its dental business. It would be totally illogical and unrealistic to hold, as appellant contends, that the advertisements were directed to the dental profession. It is doubtful that this is the type of announcement to which the dental profession is apt to respond. Also, the advertisement was placed in the Nevada Veterans Journal, not a professional journal for dentists.

The statement in the yellow pages of the Nevada Directory of the Bell Telephone Company emphasizes that defendant is a "denturist." Appellant admits in his brief that the word, "denturist," is an artificial one apparently coined by him. Certainly, if the purpose of appellant were to notify dentists as to the availability of the services of his laboratory, this announcement was not likely to produce the desired result. The profession does not recognize a specialization known as "denturists." However, some assistance in definition may be found in the Second Edition of Webster's New International Dictionary in defining the suffix -ist: "a. One who does or makes a practice of (1) a given action * * * b. One who practices a given art as in * * * rhapsodist, artist; one professionally or particularly occupied with, or skilled in, a given department of

---

[1]The Nevada Dental Act defined under § 631.090 the practice of dentistry as any person who "advertises or permits to be advertised by any media that he can or will attempt to perform dental operations of *any kind.*" (Emphasis added.)

knowledge as in botanist, physicist * * *."[2] It is obvious that this was intended to convey to the general public the type of services which appellant was specifically enjoined from performing or advertising. "Denturist" is easily identified with "dentist" or "denture." In the mind of the general public, the word would be likely to convey the general impression that appellant intended, that he performed some type of dental operations or that he repaired dentures. This directly violated the permanent injunction which restrains appellant from "Advertising or permitting to be advertised by any media that he (appellant) can or will attempt to perform dental operations of *any kind,* or that he can or will repair, reline, or rebuild dental plates" and "from engaging in the practice of dentistry as defined by the Nevada Dental Act."

Further, this wording is contrary to the proscription contained in NRS 631.090, which provides explicitly:

"Any person shall be deemed to be practicing dentistry who: (a) uses words or any letters or titles in connection with his name which in any way represents him as engaged in the practice of dentistry, *or any branch thereof.*" (Emphasis added.) This canon was violated when appellant advertised as "H. Noel Poirier, Denturist."

The announcement in the Tonopah Times Bonanza and Goldfield News presents a more difficult problem of judgment, but as the other two publications were patently in violation of the injunction, and justify the contempt order, we find it unnecessary to discuss the Times Bonanza listing, except to note that the News is not a professional publication.

2. Appellant contends that the lower court's action violates appellant's constitutional rights under the First and Fourteenth Amendments to the Federal Constitution. No purpose would be served by adding to the large body of the law on the subject of the regulation of the dental and medical professions vis-a-vis the protection of

---

[2]And the repairing of dentures is "an integral part of the accumlative art of dentistry." Ambrose v. Board of Dental Examiners, 78 Nev. 130, 369 P.2d 672 (1962).

the public. This court has before disposed of that question. Ambrose v. Board of Dental Examiners, 78 Nev. 130, 369 P.2d 672 (1962) ; Poirier v. Board of Dental Examiners, 78 Nev. 232, 370 P.2d 960 (1962). We mention a few of the authorities from other states which have discussed the subject at length. Semler v. Oregon State Board of Dental Examiners, 294 U.S. 608, 55 S.Ct. 570, 79 L.Ed. 1086 (1934) ; Parlow v. Board of Dental Examiners, 332 Mass. 682, 127 N.E.2d 306 (1955) ; Oshins v. York, 150 Fla. 690, 8 So.2d 670 (1942) ; Board of Dental Examiners v. Jameson, 64 Cal.App.2d 614, 149 P.2d 223 (1944).

3. Appellant's next contention has to do with the argument to the court below by respondent's counsel, asserting that is was a comment on appellant's failure to take the stand and was in violation of NRS 178.235 and of appellant's rights under the Fourteenth Amendment. NRS 178.235 provides that a defendant's "neglect or refusal to be a witness shall not in any manner prejudice him, nor be used against him on the trial or proceeding." The Fifth Amendment, proscribing self-incrimination, has been held to be effective against the states, and the Supreme Court of the United States made its position clear on this subject in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). This court commented upon this problem in Fernandez v. State, 81 Nev. 276, 279, 402 P.2d 38, 40 (1965) :

"The distinction appears to be that defendant's failure to testify cannot directly or indirectly be the subject of comment by the prosecution, but a reference to evidence or testimony that stands uncontradicted is acceptable. Paraphrasing Griffin, what the jury may infer given no help from the court (or prosecution) is one thing. What they may infer when the court (or prosecution) solemnizes the silence of the accused into evidence against him is quite another. Permitting such comment imposes a penalty for exercising a constitutional privilege. The dividing line must be approached with caution and conscience."

It is clear in this case that counsel's comment was simply to state that the advertisements were placed by

the defendant and paid for by him; that the defendant had not taken the stand and that that was his privilege, but Mrs. Poirier, who was intimately connected with the business, had testified to the purpose and result of the advertising. Counsel was not solemnizing Poirier's failure to take the stand as being evidence against him. He was merely commenting upon uncontradicted evidence.

We find no merit in any of appellant's assignments of error.

The judgment is affirmed.

ZENOFF and WINES, JJ., concur.

McNAMEE, C. J., being incapacitated, the Governor assigned Honorable David Zenoff of the Eighth Judicial District to sit in his place.

THOMPSON, J., being disqualified, the Governor commissioned Honorable Taylor H. Wines of the Fourth Judicial District to sit in his place.