CLERK OF COURT
SUPREME COURT. CNMI
FILED

90 SEP 5 A10: 53

BY:

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

IN RE DOLORES SAN NICOLAS, ) APPEAL NO. 90-008
 Appellant, ) CIVIL ACTION NO. 87-660
 )
 ) OPINION
Appeal from the Civil )
 Service Commission. )
 )
_____)

Argued May 31, 1990

Counsel for Appellant: Douglas F. Cushnie
 P. O. Box 949
 Saipan, MP 96950

Counsel for Appellee: Patricia Halsell
 Office of the Attorney General
 Commonwealth of the Northern
 Mariana Islands
 Capitol Hill
 Saipan, MP 96950

BEFORE: DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

BORJA, Justice:

## FACTS

This is an appeal, pursuant to 1 CMC §§ 3102 and 9113, from a trial court decision affirming the actions of the Civil Service Commission (hereafter CSC) and the Department of Public Safety (hereafter DPS) with respect to the termination of employment of appellant, Dolores San Nicolas (hereafter San Nicolas), a civil service employee.

San Nicolas was a DPS employee for several years prior to March 27, 1987. On that date, she was informed by letter that DPS

331

proposed to terminate her employment for several reasons. The letter gave three reasons for the proposed action, with eleven numbered paragraphs of specific factual allegations presented as the underlying bases. She was given ten days to respond and advised that the proposed action might be taken no earlier than thirty days. The same letter immediately suspended San Nicolas from her employment with pay. She did not respond to this letter.

On April 7, 1987, DPS advised her through another letter that all of the allegations contained in the March 27, 1987 letter of proposed adverse action, except one, were sustained and her employment would be terminated on April 27, 1987. She filed a timely administrative appeal to CSC.

At the CSC hearing, San Nicolas carried the burden of proof in ascertaining the specific factual bases of the charges against her, in determining what regulation or statute was allegedly violated with regard to each specific factual allegation, and in disputing the charges made against her.

Not all of the members of CSC attended the hearings, and the final decision was not made by a full complement of seven members. CSC issued its decision on September 14, 1987, affirming the decision by DPS to terminate San Nicolas' employment. A recommended decision was not issued by the CSC hearing examiner.

A complaint to review the CSC decision was filed with the Superior Court on October 13, 1987, and an amended complaint was filed December 2, 1987. Oral argument was heard on October 3, 1988, and the trial court issued its decision on November 3, 1988,

affirming the decision of CSC.

## ISSUES PRESENTED

Neither of the parties has provided us with the specific issues presented for resolution.[1] After reviewing the briefs and hearing oral argument, we determine the issues to be as follows:

A. Whether CSC's decision should be set aside for not being in accordance with law, in that the aggrieved party carried the burden of proof.
B. Whether CSC's decision should be set aside for not being in accordance with law, in that the hearing officer failed to issue a recommended decision.
C. Whether CSC's decision should be set aside because DPS failed to observe procedures required by law.
D. Whether CSC's decision should be set aside for not being in accordance with law, in that it did not specifically state findings of fact and a rationale for its decision.
E. Whether CSC's decision should be set aside for not being in accordance with law, in that not all CSC members attended the entire hearing and a full complement of seven members did not vote on the decision.
F. Whether CSC's decision should be set aside because it is not supported by substantial evidence.

## STANDARD OF REVIEW

We review an administrative agency's decision on the same basis as a trial court. The standard of review is _de novo_, similar to our review of a grant of summary judgment. As stated in C. Koch, Jr., _Administrative Law and Practice_ (1985) (hereafter C. Koch)

> The appellate court then reviews the lower court's determination as to the agency's decision. Since the appellate court reviews agency action on identical basis as does the lower court, the higher court is not required

[1] A statement of the issues presented for review is required by R.App.Proc. 28(a)(2).

to accord any particular deference to the lower court's conclusion about the agency's actions. Thus the appellate court's review of the lower court's review of agency action is de novo.

2 C. Koch, supra, at § 8.54 (footnote omitted).

## ANALYSIS

We review an agency's actions pursuant to our Administrative Procedure Act (1 CMC §§ 9101 et seq.). 1 CMC § 9112(f) provides that:

> The reviewing court shall:
> ...
> (2) Hold unlawful and set aside agency action, findings, and conclusions found to be:
>
>> (A) Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>> (B) Contrary to constitutional right, power, privilege, or immunity;
>> (C) In excess of statutory jurisdiction, authority, or limitations, or short of statutory rights;
>> (D) Without observance of procedure required by law;
>> (E) Unsupported by substantial evidence in a case subject to Sections 9108 and 9109 or otherwise reviewed on the record of an agency hearing provided by statute; or
>> (F) Unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.
>
> In making the forgoing determination, the Court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

Based on the facts and subsection (2)(A) of the above

statutory provisions, we reverse the trial court's affirmance of the decision of CSC for not being in accordance with law. The decision is not in accordance with law because 1) San Nicolas was required to carry the burden of proof, and 2) she was not given the opportunity to submit proposed findings and conclusions prior to the issuance of a recommended decision, and to submit exceptions, with supporting reasons, after the issuance of a recommended decision. Following the direction of the APA, we have considered the prejudicial effect to the appellant of the errors that appear in the record.

### Burden of Proof

█1 CMC § 9109·(i) provides that " Except as otherwise provided by statute, the proponent of an order or decision has the burden of proof." The government denies the assertion of San Nicolas that she was required to carry the burden of proof. However, the record is clear that she carried the burden of proof in ascertaining the specifics of the factual bases of the charges against her, in determining what regulation or statute was allegedly violated with regard to each specific factual allegation, and in disputing the charges made against her.

The trial court concluded that this was harmless error since the government provided sufficient evidence to sustain its burden of proof on all substantive issues. We disagree.

█According to Koch,

> [T]he doctrine of harmless error is applicable to review of administrative decisions. Bethlehem Steel Corp. v. Gorsuch,

335

742 F.2d 1028 (7th Cir. 1984. County of Del Norte v. United States, 732 F.2d 1462, 1467 (9th Cir. 1984) (cert. denied 469 U.S. 1189, 105 S.Ct. 958, ___ L.Ed.2d ___ (1985)("[I]nsubstantial errors in an administrative proceeding that prejudice no one do not require administrative decisions to be set aside.") Generally, application of the doctrine makes sense only where the agency's determination as to one issue fails to meet the appropriate review standard but that failure is insufficient to adversely affect the whole decision. Salt River Project Agr. Imp. v. United States, 762 F.2d 1053, 1060-1061 n.8 (D.C. Cir. 1985) ("When it is clear that based on the valid findings the agency would have reached the same ultimate result, we do not improperly invade the administrative province by affirming."); Road Sprinkler Fitters L. Union No. 669 v. NLRB, 778 F.2d 8, 14 (D.C. Cir. 1985)("Since the ALJ's ultimate finding ... is the only conclusion that could reasonably have been drawn from the record in this case considered as a whole, any error in the ALJ's analysis was harmless.")

2 C. Koch, supra, at § 9.8 (1987 Supplement).

In this particular case, it is not harmless error to reverse the burden of proof. It is not insubstantial. We are not convinced that the result would be the same had the proper procedure been followed.

In our adversarial system, defendants have certain advantages in not being required to carry the burden of proof. For example, a defendant can move to dismiss a case if the plaintiff, the party normally charged with the burden of proof, fails to establish a prima facie case. If the defendant were required to carry the burden of proof, this advantage would be lost. As a result, we cannot say that the error is non-prejudicial.

San Nicolas was initially required to carry the burden of

336

proving that DPS failed to follow certain procedural requirements. San Nicolas raised these DPS procedural defects in her counsel's letter of April 9, 1987. DPS argued that San Nicolas had the burden of going forward with the evidence to prove the procedural defects. Tr. 6.

If this was the only error concerning allocation of the burden of proof, we might have found that the error was harmless. However, after proceeding with this improperly allocated burden, she was again required to carry the burden on the substantive issues in the hearing. Tr. 34. This was not harmless error. 1 CMC § 9109(i) requires that the proponent of an order has the burden of proof. DPS was the proponent of an order dismissing San Nicolas from her employment. It had the burden of proof---the burden of going forward with the evidence. NLRB v. Transportation Management Corp., 462 U.S. 393, 403 n.7, 103 S.Ct. 2469, 2475 n.7 (1983). The procedure followed by CSC was not in accordance with law and must be set aside.

## Recommended Decision

1 CMC § 9110(a) and (b) provide that:

> (a) When the agency does not preside at the reception of the evidence, the person presiding shall initially decide the case unless applicable law or agency rule requires, either in specific cases or by general rule, the entire record to be certified to it for the making of an order or a decision concerning a regulation. ... When the agency makes the order or decision without having presided at the reception of the evidence, the person presiding shall first recommend an order or decision to the agency.

(b) Before a recommended initial order or decision, or an order or decision on agency review of an order or decision, the parties are entitled to a reasonable opportunity to submit for the consideration of the persons participating in the decision:

(1) Proposed findings and conclusions;
(2) Exceptions to the order or decision or recommended order or decision; and
(3) Supporting reasons for the exceptions or proposed findings and conclusions.

San Nicolas contends that CSC violated subsection (a) because the hearing officer did not issue a recommended decision. She also argues that subsection (b) was violated because she was not given the opportunity to submit proposed findings, conclusions, exceptions and supporting reasons.

It was reversible error for the hearing officer not to have submitted a recommended decision. We disagree with the trial court that such error was harmless. Not only is the statute specific, but CSC itself recognized and stated that it was going to issue a recommended decision first. Tr. 23.

We also disagree with the trial court that CSC's failure to solicit proposed findings, conclusions, exceptions and reasoning was harmless error. We are not convinced that had the procedure required for recommended decisions been followed the result would have still been the same. See 2 Koch § 9.8 (1987 Supplement).

In an administrative hearing where a hearing examiner has to listen to a multitude of disputed facts, review a plethora of documents, over a period of many days, it would be immeasurably

338

helpful if the parties submitted their thoughts on what the findings of fact and conclusions of law should be. Who can say that the hearing officer would not have found a proposal submitted by San Nicolas to be valid and persuasive, and therefore, capable of influencing his decision?

If he had issued a recommended decision with his reasons for rejecting, adopting, or modifying the proposals of San Nicolas, she would then be in a position to submit exceptions, with her supporting reasons, to the whole board prior to the board acting on the recommended decision. In a situation where there is an abundance of evidence, with few facts being uncontested, who can say that the board would not have been persuaded by the exceptions submitted?

█ CMC § 9110(b) requires the hearing officer to do two things in a proceeding requiring a recommended decision. First, prior to issuing a recommended decision, he must provide the parties a reasonable opportunity to submit proposed findings and conclusions. While we agree with the trial court that this does not require the hearing officer to solicit such proposals, we hold that, at the very least, the hearing officer must notify the parties of this opportunity at the conclusion of the evidentiary hearing.

█ Second, after reviewing such proposals, if any are submitted, the hearing officer issues a recommended decision. The recommended decision should include a discussion of the proposals submitted by the parties, and the reasons they were followed, modified, or rejected. At the time he issues a recommended decision, the

hearing officer shall notify the parties of their opportunity to submit exceptions, and reasons for the exceptions, prior to the whole board acting on the recommended decision. This can be accomplished by a simple paragraph in the recommended decision itself.

 This is not to say that the failure of an administrative agency to issue a recommended decision when required will always be found to be reversible error. There may be occasions when the failure will be harmless. However, in this case, where the hearing was held before a hearing officer for several days, with conflicting factual contentions, and the admission of an abundance of documentary evidence, we cannot hold that the error was harmless.

In view of our decision on the above issues, there is no need to address Issue F, whether the decision is supported by substantial evidence. However, because of the importance of this case in the development of the Commonwealth's administrative law, we will address the other issues raised to provide guidance to administrative agencies.

### DPS Procedures

San Nicolas argues that DPS failed to comply with CSC's and its own regulations with regard to (1) preparation of the letter of proposed adverse action, (2) suspension from active duty due to an emergency, (3) providing her a reasonable amount of official time to prepare a response, and (4) the degree of specificity required in the letters.

340

It is true that the letter of proposed adverse action was not prepared by a person so trained. The trial court found this procedural error to be harmless. We agree. As we note later, the letter of proposed adverse action reasonably and substantially notified San Nicolas of the matters charged and of the proposed action. Consequently, she was not prejudiced by the failure to have the letter prepared by a trained person. See 2 C. Koch, supra, at § 9.8 (1987 Supplement). As stated in Community of Woodston v. State Corporation Commission, 353 P.2d 206 (Kan. 1960),

> It is now well established that technical rules of pleadings such as govern civil or criminal actions are not applicable to applications or pleadings filed with an administrative agency and liberality is to be indulged as to their form and substance.

353 P.2d at 210 (citations omitted).

We disagree, however, with the statement of the trial court that this requirement "is more of a shield for the government than a sword for the employee." We think that an equally important purpose of the requirement is to ensure that an employee receives adequate notice of a proposed adverse action. In this particular case, San Nicolas was advised in a reasonable and substantial way of the charges made against her and the proposed action that was being sought by DPS.

The trial court disagreed with San Nicolas' contention that there was no emergency and that therefore she should have been kept on active duty. It found that the record adequately supported the decision of DPS not to keep San Nicolas on active duty. We agree.

341

We will not weigh the evidence. The conclusion reached was reasonable.

 San Nicolas next argues that she was not given a reasonable amount of official time to prepare a response. This argument is without merit. When she was suspended from active duty, she was kept on the payroll. As such, she had ample time to prepare a response on government time. Furthermore, she was allowed to request for more time if she needed it. Also, her termination of employment did not go into effect until thirty days after the date of the first letter.

 Finally, San Nicolas argues that the letters of proposed adverse action were not sufficiently specific. She does not dispute that the first letter from DPS contains sufficient specificity with regard to the charges made against her and with regard to the particular sections of the regulations alleged to have been violated. She argues, however, that a mere recitation of them is not enough. What is needed, she argues, is a clear statement of what particular charge violates what particular section of the regulations.

The trial court ruled that it was of no significance that the charges did not refer to the particular regulations alleged to have been violated because the notice was in accordance with 1 CMC § 9109(a)(3). In addition, it held that the fact that the letter of dismissal did not reiterate the charges and the regulations violated was of no moment since the first letter did inform her of the particular charges and regulations that were violated. Lastly,

342

the trial court relied on the fact that the first letter advised San Nicolas that she was entitled to review all of the materials used against her, and that she could obtain further information on the reasons for the proposed action. We agree with the trial court. The letters from DPS reasonably and substantially notified San Nicolas of the charges made against her and of the action that DPS was proposing.

On remand, the procedures followed by DPS need not be addressed by CSC.

### Specific Findings and Reasons

1 CMC § 9110(c) provides that:

> All orders or decisions, including initial or recommended orders or decisions, or those on agency review, are a part of the record and shall include a statement of:
>
>> (1) Findings and conclusions, and the reasons or basis for them, on all the material issues of fact, law, or discretion presented on the record; and
>> (2) The appropriate decision, order, sanction, relief, or denial thereof.

San Nicolas argues that CSC failed to comply with the above statutory provision. While it is true that CSC did not specifically state its findings, it did state in its decision that the allegations found in the April 7, 1987 letter are well-founded and supported by the evidence. We agree with the trial court that this complies with the statute. While it may be better procedure to repeat all the basic facts relied on in its decision, it was not prejudicial error to merely incorporate them by reference. See,

343

e.g., Servomation, Inc. v. NLRB, 603 F.2d 762 (9th Cir. 1979) ("[T]he Board satisfied the requirements of this Section [5 U.S.C. § 557(c)] in its review and adoption of the findings, conclusions, and rationale of the Administrative Law Judge"); Barron v. Board of Dental Examiners, 44 Cal. App. 2d 790, 113 P.2d 247 (Cal. Ct. App. 1941) (a finding of "guilty as charged in said accusation" sufficient).

## Board Attendance and Vote

It is not disputed that not all of the board members attended the entire hearing. It is also not disputed that a full commission of seven members did not vote on the decision. However, San Nicolas' interpretation of the statute, 1 CMC § 8111,[2] and CSC's regulations are completely without merit. There is no requirement that all members of the board be present at the entire hearing. As stated in Koch:

> Chief Justice Hughes in a classic case, Morgan v. United States, (Morgan I) [298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1936)] pronounced that "the one who decides must hear." The statement pervades administrative law but it does not actually reflect the rule of Morgan I: "Instead, he used 'hear' in a nonaural sense, as meaning that the one who decides must give heed to the case and, directing his mind to it, must be the one who actually exercises the deciding function. The one who decides in form must be the one who decides in fact." According to the Attorney General's Manual, this interpretation was incorporated in the APA and hence the Manual said: "Nothing in the Act is intended to preclude agency heads from utilizing the

---

[2]The statute provides, among other things, that CSC is "composed of seven members."

344

> services of agency employees as assistants for analysis and drafting [citing Morgan I]." Under this doctrine the agency head or appellate body need not even read the entire record.

1 C. Koch, _supra_, at § 6.78 (footnotes omitted). See _Porter & Dietsch, Inc. v. FTC_, 605 F.2d 294 (7th Cir. 1979), _cert_. denied 445 U.S. 950, 100 S.Ct. 1597, 63 L.Ed.2d 784 (1980)(two out of five commissioners who participated in the administrative appellate decision were not present at the oral argument. One was on leave of absence and the other had not yet been appointed. The court found that they could participate in the decision, noting that the transcripts were available and they could decide on the written record.).

There is also no requirement that a commission of seven members must vote on the decision. While it is true that the statute, 1 CMC § 8113, states that the decisions of CSC are to be made "by a two-thirds vote of the entire membership," the same provision also states that "Four members shall constitute a quorum." To accept San Nicolas' argument would make CSC unworkable.

## CONCLUSION

The decision of the trial court is hereby REVERSED and REMANDED with instructions that CSC be required to hold another hearing, consistent with this opinion, on DPS' decision to terminate the employment of San Nicolas. At a minimum, the hearing before CSC must:

1. Have DPS carry the burden of proof;

345

2. Have the hearing officer provide opportunity to the parties to submit proposed findings of fact and conclusions of law prior to issuance of a recommended decision; and

3. Have the hearing officer provide opportunity to the parties to submit exceptions, with reasons, after the issuance of the recommended decision, but prior to the decision of the whole board.

_____
Jose S. Dela Cruz
Chief Justice

_____
Ramon G. Villagomez
Associate Justice

_____
Jesus C. Borja
Associate Justice