## SEMLER *v.* OREGON STATE BOARD OF DENTAL EXAMINERS ET AL.

No. 538.   Argued March 7, 1935.—Decided April 1, 1935.

*Mr. Frank S. Senn,* with whom *Mr. H. R. Colwell* was on the brief, for appellant.

*Messrs. Lawrence T. Harris, Harry M. Kenin,* and *Frank P. Keenan* were on the brief for appellees.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

This case presents the question of the validity of a statute of the State of Oregon, enacted in 1933, relating

to the conduct of dentists. Oregon Laws, 1933, Chapter 166. Previous legislation had provided for the revocation of licenses for unprofessional conduct, which, as then defined, included advertising of an untruthful and misleading nature. The Act of 1933 amended the definition so as to provide the following additional grounds for revocation:

". . . advertising professional superiority or the performance of professional services in a superior manner; advertising prices for professional service; advertising by means of large display, glaring light signs, or containing as a part thereof the representation of a tooth, teeth, bridge work or any portion of the human head; employing or making use of advertising solicitors or free publicity press agents; or advertising any free dental work, or free examination; or advertising to guarantee any dental service, or to perform any dental operation painlessly."

Plaintiff, a dentist practicing in Portland, Oregon, brought this suit in the state court against the members of the State Board of Dental Examiners to enjoin the enforcement of the statute, alleging that it was repugnant to the due process and equal protection clauses of the Fourteenth Amendment, and impaired the obligation of contracts in violation of § 10, Article I, of the Constitution of the United States. The circuit court, overruling this contention, sustained a demurrer to the complaint and, upon the refusal of plaintiff to plead further, the suit was dismissed. On appeal, the Supreme Court of the State took the same view of the federal question and affirmed the judgment. 148 Or. 50; 34 P. (2d) 311. The case comes here on appeal.

Plaintiff alleged in his complaint that he was licensed in 1918; that he had continuously advertised his practice in newspapers and periodicals, and by means of signs of the sort described in the amended statute, and that he had employed advertising solicitors; that in his advertise-

ments he had represented that he had a high degree of efficiency and was able to perform his professional services in a superior manner; that he had stated the prices he would charge, had offered examination of prospective patients without charge, and had also represented that he guaranteed all his dental work and that his dental operations were performed painlessly. He further alleged that the statements in his advertisements were truthful and were made in good faith; that by these methods he had developed a large and lucrative practice; that through long training and experience he had acquired ability superior to that of the great majority of practicing dentists; that he had been able to standardize office operations, to purchase supplies in large quantities and at relatively low prices, and thus to establish a uniform schedule of charges for the majority of operations; also that he had made contracts for display signs and for advertisements in newspapers, and had entered into other engagements, of which he would be unable to take advantage if the legislation in question were sustained, and, in that event, his business would be destroyed or materially impaired.

Plaintiff is not entitled to complain of interference with the contracts he describes, if the regulation of his conduct as a dentist is not an unreasonable exercise of the protective power of the State. His contracts were necessarily subject to that authority. *Rast* v. *Van Deman & Lewis Co.*, 240 U. S. 342, 363; *Union Dry Goods Co.* v. *Georgia Public Service Comm'n*, 248 U. S. 372, 375, 376; *Sproles* v. *Binford*, 286 U. S. 374, 391; *Stephenson* v. *Binford*, 287 U. S. 251, 276. Nor has plaintiff any ground for objection because the particular regulation is limited to dentists and is not extended to other professional classes. The State was not bound to deal alike with all these classes, or to strike at all evils at the same time or in the same way. It could deal with the different professions according to the needs of the public in relation to each.

We find no basis for the charge of an unconstitutional discrimination. *Watson* v. *Maryland*, 218 U. S. 173, 179; *Miller* v. *Wilson*, 236 U. S. 373, 384; *Missouri ex rel. Hurwitz* v. *North*, 271 U. S. 40, 43; *Dr. Bloom, Dentist, Inc.* v. *Cruise*, 288 U. S. 588.

The question is whether the challenged restrictions amount to an arbitrary interference with liberty and property and thus violate the requirement of due process of law. That the State may regulate the practice of dentistry, prescribing the qualifications that are reasonably necessary, and to that end may require licenses and establish supervision by an administrative board, is not open to dispute. *Douglas* v. *Noble*, 261 U. S. 165; *Graves* v. *Minnesota*, 272 U. S. 425, 427. The State may thus afford protection against ignorance, incapacity and imposition. *Dent* v. *West Virginia*, 129 U. S. 114, 122; *Graves* v. *Minnesota, supra.* We have held that the State may deny to corporations the right to practice, insisting upon the personal obligations of individuals (*Miller* v. *State Board of Dental Examiners*, 90 Colo. 193; 8 P. (2d) 699; 287 U. S. 563), and that it may prohibit advertising that tends to mislead the public in this respect. *Dr. Bloom, Dentist, Inc.* v. *Cruise*, 259 N. Y. 358, 363; 182 N. E. 16; 288 U. S. 588.

Recognizing state power as to such matters, appellant insists that the statute in question goes too far because it prohibits advertising of the described character, although it may be truthful. He contends that the superiority he advertises exists in fact, that by his methods he is able to offer low prices and to render a beneficial public service contributing to the comfort and happiness of a large number of persons.

The State court defined the policy of the statute. The court said that while, in itself, there was nothing harmful in merely advertising prices for dental work or in displaying glaring signs illustrating teeth and bridge work, it could not be doubted that practitioners who were not

willing to abide by the ethics of their profession often resorted to such advertising methods " to lure the credulous and ignorant members of the public to their offices for the purpose of fleecing them." The legislature was aiming at "bait advertising." "Inducing patronage," said the court, " by representations of ' painless dentistry,' ' professional superiority,' ' free examinations,' and ' guaranteed ' dental work " was, as a general rule, " the practice of the charlatan and the quack to entice the public."

We do not doubt the authority of the State to estimate the baleful effects of such methods and to put a stop to them. The legislature was not dealing with traders in commodities, but with the vital interest of public health, and with a profession treating bodily ills and demanding different standards of conduct from those which are traditional in the competition of the market place. The community is concerned with the maintenance of professional standards which will insure not only competency in individual practitioners, but protection against those who would prey upon a public peculiarly susceptible to imposition through alluring promises of physical relief. And the community is concerned in providing safeguards not only against deception, but against practices which would tend to demoralize the profession by forcing its members into an unseemly rivalry which would enlarge the opportunities of the least scrupulous. What is generally called the " ethics " of the profession is but the consensus of expert opinion as to the necessity of such standards.

It is no answer to say, as regards appellant's claim of right to advertise his " professional superiority " or his " performance of professional services in a superior manner," that he is telling the truth. In framing its policy the legislature was not bound to provide for determinations of the relative proficiency of particular practitioners.

The legislature was entitled to consider the general effects of the practices which it described, and if these effects were injurious in facilitating unwarranted and misleading claims, to counteract them by a general rule, even though in particular instances there might be no actual deception or misstatement. *Booth* v. *Illinois,* 184 U. S. 425, 429; *Purity Extract Co.* v. *Lynch,* 226 U. S. 192, 201; *Hebe Co.* v. *Shaw,* 248 U. S. 297, 303; *Pierce Oil Corp.* v. *Hope,* 248 U. S. 498, 500; *Euclid* v. *Ambler Realty Co.,* 272 U. S. 365, 388, 389.

The judgment is

*Affirmed.*