

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXIXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. B. Carl Holder, Secretary
Texas State Board of Dental Examiners
Nixon Building
Corpus Christi, Texas

Dear Sir:                    Opinion No. 0-2058
                             Re: (a) Whether or not operation of
                                 chain dental offices under facts
                                 set forth is in violation of the
                                 laws of this State.

                                 (b) Whether or not the dentist in
                                 question is violating laws regulat-
                                 ing the practice of dentistry.

        We have for reply your letter of March 7, 1940, supple-
mented by your letter of April 2, 1940, requesting the opinion
of this department on the above stated questions.

        The facts underlying your opinion request are restated
as follows:

        The dentist in question residing in Los Angeles, Cali-
fornia, and maintaining an office there holds a license entitl-
ing him to practice denistry in the state of Texas. His ad-
dress given in registering with the Texas State Board of Dental
Examiners is an office address at Houston, Texas. Two offices
are maintained under the name of this dentist in Texas - the
one in Houston and one located in Dallas. These Texas offices
are actually operated by a former wife of this dentist and his
daughter. We shall hereafter refer to the dentist in question
as Dr. X.

        Using the medus operandi of the Dallas office as an ex-
ample, we find that the daughter of Dr. X is in charge. She is
not a licensed dentist, but employs licensed dentists to make
an examination of patients and do the actual dental work. This
licensed dentist examines patients and informs her (the daughter)
of his findings, after which she tells the patients what she
thinks should be done, the price of the work and makes arrange-
ments for payment. The licensed dentist then does the work as
directed.

        As to the outward appearance of the office, the name of

Dr. X is prominently displayed on the outside of the building. On one of the doors leading to the office are the following names:

DOCTOR X

Dr. A

Dr. B

Dr. X

The actual dental work performed in this office is done by another doctor, Dr. Y, employed by the daughter of Dr. X. Dr. A and Dr. B are no longer connected with the office, having left a short time ago. Dr. X, of course, in in California, and is very seldom, if ever, in either of his Texas offices. The exact amount of time spent in the Texas offices and whether on these occasions any actual dental practice is done by Dr. X, is not known. Moreover, the exact facts as to the operation of the Houston office are not given, yet we shall assume that the plan of operation is similar to that of the Dallas office.

On the basis of these facts you ask the following questions:

(a) Are the maintenance of chain dental offices (more than two) prohibited by the laws of this state, and, if so, are chain dental offices being so maintained under the facts set forth?

(b) Is Dr. X acting in violation of any of the laws in Texas regulating the practice of denistry?

The power of the Legislature to regulate the practice of dentistry and kindred professions and to impose reasonable restrictions upon persons following this calling is well established by the courts of last resort in this State, as well as the Supreme Court of the United States. Pistole v. State, 69 Texas Crim. Rep. 127, 150 S.W. 618; Sherman et al v. State Board of Dental Examiners et al (C.C.A. 1938), 116 S.W. (2d) 843, writ refused; Semlar v. Oregon State Board, 148 Ore. 50, 34 Pac. 311; Id. 294 U.S. 608, 55 Sup. Ct. 570, 97 L. Ed. 1086. The power is inherent in the State under its police power to protect and safeguard the life, health, morals, and general welfare of its inhabitants; "and the vocation itself being subject to regulation, so are all of its incidents."

The answer to the questions propounded in your letter involves an interpretation of ch. 7 of Title 12 of the Penal

Code of this State and particularly H.B. No. 36, ch. 501, Acts of 1937, 45th Leg., p. 3046. Section 1 of this Act amends Art. 752 of the Penal Code to read as follows:

"Article 752. It shall be unlawful for any person or persons to practice dentistry in this State under the name of a corporation, company, association, or trade name; or under any name except his own proper name, which shall be the name used in his license as issued by the State Board of Dental Examiners. It shall be unlawful for any person or persons to operate, manage, or be employed in any room, rooms, office, or offices where dental service is rendered or contracted for under the name of a corporation, company, association, or trade name, or in any other name than that of the legally qualified dentist or dentists actually engaged in the practice of dentistry in such room, rooms, office or offices; provided, however, this shall not prevent two or more legally qualified dentists from practicing dentistry in the same offices as a firm, partnership, or as associates in their own names as stated in licenses issued to them. Provided, however, that any dentist practicing under his own license may be employed by any person, firm, or partnership practicing dentistry under licenses issued to them. Each day of violation of this Article shall constitute s separate offense."

Section 6 of House Bill 36 (Article 752c) reads as follows:

"This Act shall not be intended to prohibit any duly authorized, licensed and registered dentist from maintaining one additional office in any town or city other than the town of his residence."

Section 4 of House Bill 36 (Article 752c, Vernon's Annotated Penal Code) reads as follows:

"The State Board of Dental Examiners shall be, and it shall be their duty, and they are hereby authorized to revoke, cancel or suspend any license or licenses that may have been issued by such Board, if in the opinion of a majority of such Board, any person or persons to whom a license has been issued by said Board to practice dentistry in this State, shall have,

after the issuance of such license, violated any
of the provisions of the Statutes of the State
of Texas relating to the practice of dentistry
in this State, or any of the provisions of Chap-
ter 7, Title 12 of the Penal Code of the State
of Texas, or any amendments that may hereafter
be made thereto * * * *"

Article 754 of the Penal Code makes the violation of
any of the provisions of chapter 7 of Title 12 of the Penal
Code a misdemeanor and reads as follows:

"Any person who shall violate any provi-
sion of this Chapter shall be fined not less
than Fifty ($50) Dollars, nor more than Three
Hundred ($300) Dollars, or be confined in jail
from one to six months or both.  Each day of
such violation shall be a separate offense."

Section 6 of Article 752c, Vernon's Annotated Penal Code,
supra, is the only section of the statutes touching upon the
question of maintaining more than one office.  But we must
direct your attention to the fact that said Section 6 does not
in terms prohibit anything, nor does House Bill 36, Chapter 501,
Acts of 1937, 45th Legislature, page 1346, provide a penalty
for the violation of section 6.  In this section the Legisla-
ture simply provided a guide for and a limitation upon the
construction of other sections of chapter 501, Acts of 1937,
45th Legislature.

As forcefully stated by Chief Justice Smith in Sherman
v. State Board of Dental Examiners (C.C.A. 1938) 116 S.W. (2d)
843, writ refused,

"Section 6, directly attacked, does not
within its own provisions restrict licensed
dentists in the conduct of their vocation.
The provision is permissive, rather than re-
strictive, and certainly does not by its own
terms come under the ban of either of the
Constitutional guaranties invoked by plaintiff."
(Underscoring ours)

For the reasons set forth and under the authority of Sher-
man v. State Board of Dental Examiners, supra, we hold, and you
are respectfully advised, that while other provisions of chapter
7 of Title 12 of the Penal Code of this State (for example, Art.
752, as amended) might subject those operating, maintaining or
employed in multiple offices operated under the name of one
dentist to prosecution for a misdemeanor, there are no provi-

sions of our Penal Code in terms prohibiting the maintenance of chain dental offices; and we cannot as a matter of law condemn the practices set forth on that score.

Your second question is whether or not Dr. X is acting in violation of any of the laws of Texas regulating the practice of dentistry under the facts set forth in your letter. In this connection we call your attention first to Article 752a, Vernon's Annotated Penal Code, which reads, in part, as follows:

"It shall be unlawful for any person * * * to fraudulently employ any person or persons to obtain or solicit patronage * * *"

Next, we call your attention to Article 752b, Vernon's Annotated Penal Code, which reads, in part as follows:

"It shall be unlawful for any person * * * to engage in or be guilty of any unprofessional conduct in the practice of dentistry, directly or indirectly. Any 'unprofessional conduct' as used herein, means and includes any one or more of the following acts, to-wit:

(a) employing 'Cappers' or 'Steerers' to solicit and or obtain business; * * *

(c) employing directly or indirectly or permitting any unlicensed person to perform dental services upon any person in any room or office under his or her control; * * *

(n) employing any person or persons to obtain, contract for, sell or solicit patronage, or making use of free publicity press agents; * * *"

It may be noted that in each instance under the articles above quoted the prohibition is against employing someone or as in Article 752b (c) permitting an unlicensed person to perform dental services in a room or office under the control of the dentist.

Of course, Dr. X's daughter, under the facts, may be found to be "performing dental services" without a license within the meaning of subdivision (c) of Art. 752b, Vernon's Annotated Penal Code, for Article 754a provides that,

"Any person shall be regarded as practicing dentistry within the meaning of this Chapter:

* * * * *

3. Any one who owns, maintains or operates any office or place of business where he employs or engages, under any kind of contract whatsoever, any other person or persons to practice dentistry as above defined, shall be deemed to be practicing himself and shall himself be required to be duly licensed to practice dentistry as hereinabove defined, and shall be subject to all of the other provisions of this Chapter, even though the person or persons so employed or engaged by him shall be duly licensed to practice dentistry as hereinabove defined."

However, it has not been established as a matter of fact whether Dr. X actually employs his daughter in the Dallas office or his ex-wife in the Houston office, or whether they themselves own and operate those offices, simply using his name as a stimulant for trade. Moreover, it has not been established whether or not these offices are actually under his control. Consequently, as to these Articles, while it may develop that Dr. X is acting in violation thereof, the answer will ultimately depend upon a determination of the underlying facts - a determination ascertainable only by a judge or jury.

We call your attention also to Section 1 of H. B. 36, Acts 1937, ch. 501, 45th Leg., providing,

"It shall be unlawful for any person to operate, manage * * * any room, rooms, office or offices where dental service is rendered or contracted for under * * * a trade name, or in any other name than that of the legally qualified dentist or dentists actually engaged in the practice of dentistry in such room, rooms, office, or offices; * * *"

In order for it to be established that Dr. X is acting in violation of this provision of the Penal Code, it must be determined first that he is operating or managing the office in question, and second, that dental services are being rendered and contracted for under a trade name or a name other than that of the legally qualified dentist actually engaged in the practice of dentistry there. The determination of whether or not this is happening is also a determination which only a judge or jury can make.

We have, therefore, answered your first question in the

negative and your second by calling your attention to pertinent provisions of the Penal Code which Dr. X may be found guilty of violating under the facts as they may develop. Please note that we have confined our opinion strictly to the questions asked and have not expressed our views upon whether or not Dr. X's daughter or ex-wife or the licensed dentists employed by them may be violating the law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Walter R. Koch
   Walter R. Koch
   Assistant

By s/James D. Smullen
   James D. Smullen

JDS:JM:wc

APPROVED APR 18, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman