Currie, C. J.
{concurring). To follow plaintiffs contention to its logical conclusion, a legislative body could never legislate to correct a prevalent evil in one occupation or industry without offending the equal-protection-of-the-laws clause, if it were found that the same type of evil, but to a far lesser extent, existed in some other occupation or industry. This is not the law. The extent or prevalence of a particular evil sought to be regulated by exercise of the police power may in itself constitute a reasonable basis for classification.
The evidence here discloses that filling station signs of the category here involved were so prevalent as to present a safety hazard causing the city council to enact the instant ordinance. Such an ordinance is not rendered unconstitutional as an unreasonable classification merely because one *593 drive-in liquor store had signs of the same general size located in close proximity to the street and a Good Will Industries’ collection box was located on a supermarket parking lot close to the street.
Particularly pertinent is this statement made in Kuhl Motor Co. v. Ford Motor Co.: [1]
“While all the citizens of the state are entitled to be protected against unfair dealing by others, this does not mean that the legislature must by one sweep prohibit all unfair dealing and cannot proceed piecemeal to remedy particular types of unfair dealing which manifest themselves in particular occupations or industries.”
The opinion then proceeded to quote from the United States supreme court’s opinion in Williamson v. Lee Optical Co.[2] including this highly significant statement:
“Evils in the same field may be of different dimensions and proportions, requiring different remedies. Or so the legislature may think. Tigner v. Texas, 310 U. S. 141 [60 Sup. Ct. 879, 84 L. Ed 1124]. Or the reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind. Semler v. Dental Examiners, 294 U. S. 608 [55 Sup. Ct. 570, 79 L. Ed. 1086].”
See also Borden Co. v. McDowell [3] wherein this court again stated the principle that legislation in the exercise of the police power may proceed piecemeal depending on the seriousness of the evil presented in a particular industry or occupation.

 (1955), 270 Wis. 488, 503, 71 N. W. (2d) 420.

 (1955), 348 U. S. 483, 488, 75 Sup. Ct. 461, 99 L. Ed. 563.

 (1959), 8 Wis. (2d) 246, 260, 99 N. W. (2d) 146.