HAMITER, Justice.
The Louisiana State Board of Optometry Examiners instituted this injunction proceeding seeking to prohibit Pearle Optical of Alexandria, Inc. (hereinafter referred to as Pearle), admittedly a retail dealer in optical supplies, and Dr. Joseph W. Kelly, from performing certain acts alleged to be in violation of the Louisiana Optometry Regulatory Act (LRS 37:1041 et seq.).
The trial court granted the greater part of the relief sought against Pearle, including the prohibiting and enjoining of it from all advertising of the sale of eyeglasses. The suit against Dr. Kelly was dismissed.
*1065 On appeals'by the Board and Pearle the Court of Appeal deleted that part of the judgment which prohibited and enjoined Pearle from advertising the sale of eyeglasses, but it affirmed such judgment in all other respects. La.App., 177 So.2d 164.
On an application of the Board we granted certiorari. However, our review was specifically limited to a consideration of the issue of whether the Court of Appeal erred in deleting from the injunction judgment that part which had prohibited Pearle from advertising the sale of eyeglasses. 248 La. 426, 179 So.2d 19.
Accordingly, the questions now presented to this court are (1) whether LRS 37:1065 prohibits a retail dealer of optical supplies from advertising the sale of eyeglasses, even without reference to price; and, if it does, (2) whether the prohibition is a reasonable exercise of the police power of the state.
LRS 37:1065, insofar as it is pertinent here, provides: “The provisions of this Chapter shall not apply * * * to retail dealers selling glasses as merchandise in their established places of business. * *
“No retail dealer shall directly or indirectly, advertise through any medium the sale of glasses, or peddle, solicit, sell, or offer for sale glasses from door to door, or house to house, or away from his permanent established place of business.”
Pearle contends that the quoted second paragraph does not mean what it says, that is, that a retail dealer shall not advertise the sale of glasses. It urges, rather, that the meaning thereof is that a retailer shall not advertise glasses for a price or for free in accordance with the provisions of LRS 37:1063(9).
We had occasion to consider the provisions of LRS 37:1065 in State v. Rones, 223 La. 839, 67 So.2d 99. Therein, the defendant was charged in a criminal proceeding with having advertised the sale of eyeglasses for a price in violation of LRS 37 :- 1063(9). He argued that he was a retail dealer, and that the first paragraph of LRS 37:1065 exempted him from the provisions of said Section 1063(9). We held the argument to be without substance, because Section 1065, taken as a whole, prohibited the defendant, as a retail dealer, from any advertising of the sale of glasses. Therein we said: “This section in the first sentence exempts from the provisions of the chapter retail dealers selling glasses as merchandise in their established places of business, but the second paragraph of this same section provides an exception to this exemption by prohibiting retail dealers from directly or indirectly advertising through any medium the sale of glasses. No one reading this section could get the impression that the exemption is unqualified. After exempting retail dealers from the provisions of the *1067 chapter, the lawmakers in the next sentence began qualifying-that exemption by providing that it is unlawful for any person, except those licensed to practice under the provisions of the chapter, to have certain equipment or to do certain specified acts, and the second paragraph of the section makes it manifestly clear that no retail dealer shall advertise.
“Looking at the statute as a whole, as we must, to determine its meaning, we see that it is a general one defining and regulating the practice of optometry, and by one of its many provisions prohibits any person from advertising the furnishing of glasses, lenses, etc., free or for a price. Section 1065 exempts generally retail sellers of glasses from the provisions and regulations applicable to optometrists except as to certain specified particulars provided further in that same section, and the provision is plain that no retail dealer, regardless of the general exemption, shall advertise through any medium the sale of glasses or sell glasses away from his permanent established place of business.
“To our minds the statute is clear and unambiguous, and the source of this particular section of the Revised Statutes, Act 172 of 1942, Section 2, amending and reenacting Section 19 of Act 193 of 1918, supports our interpretation. It provided that 'This Act shall not apply to Retail Dealers, except as hereinafter provided,’ and contained in the second paragraph the identical prohibition against advertising by a retail dealer as appears in the Revised Statutes.
“The Revised Statutes of 1950 were prepared by the Louisiana State Law Institute pursuant to a mandate of the Legislature of this state, Act 42 of 1942, by which the Institute was instructed to prepare a comprehensive revision of the statutes, to simplify their language, to correct their incongruities, to supply their deficiencies, etc. In carrying out this mandate, the Institute omitted the words ‘except as hereinafter provided’ in the revision of Section 2 of Act 172 of 1942 which amended Section 19 of Act 193 of 1918. The omission of these words merely simplified the language of the act, and in no way changed its meaning, and the meaning of the revision is perfectly clear without them. There is full authority for considering the source of this Revised Statute in interpreting the statute if we had found it necessary to do so. See Viterbo v. Friedlander, 120 U.S. 707, 7 S.Ct. 962, 30 L.Ed. 776.” (Italics ours.)
We adhere to that view.
True, in our interpretation of the provisions of Section 1065 as being prohibition against any advertising by retail dealers, the opinion in the Rones case did suggest the possibility of their unconstitutionality because of the broad scope of the forbiddance. And, on the basis of the language *1069 used, Pearle urges in the instant cause the unconstitutionality of the provisions as so interpreted. In fact, in the trial court the defendant specially pleaded that the section would he unconstitutional for the reason that it deprives retail dealers of liberty and property without due process of law as guaranteed by Article I, Section 2, of the Louisiana Constitution of 1921 and the Fourteenth Amendment of the Constitution of the United States in that it constitutes “a prohibition, or, in the alternative, an unreasonable regulation of the retail sale and advertisement of eyeglasses.”
Undoubtedly, the distribution or sale of eyeglasses is, by its very nature, so closely related to public health and the general welfare as to be the proper subject of governmental supervision in the public interest, and that under this authority the Legislature may regulate advertising by persons who engage in such acts. In fact, Pearle specifically concedes as much in its brief here.
Moreover, while this court has not previously had occasion to pass on the issue of whether the blanket prohibition against advertising of items essential to visual' health violates due process of law, as being an unreasonable regulation, the United States Supreme Court has held that such a prohibition is not contrary to the principles of due process under the Fourteenth Amendment of the United States Constitution. Williamson v. Lee Optical of Oklahoma, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563.
In the Williamson case an Oklahoma statute, which is even broader than ours, prohibited the advertising for sale of eyeglasses, frames, lenses, mountings or any other optical appliances. In considering an attack on the constitutional validity of such regulation, as applied even to the advertising of frames alone, the court said: “An eyeglass frame, considered in isolation, is only a piece of merchandise. But an eyeglass frame is not used in isolation, as Judge Murrah said in dissent below; it is used with lenses; and lenses pertaining as they do to the human eye, enter the field of health. Therefore, the legislature might conclude that to regulate one effectively it would have to regulate the other. Or it might conclude that both the sellers of frames and the sellers of lenses were in a business where advertising should be limited or even abolished in the public interest. Semler v. Oregon State Dental Examiners (294 U.S. 608, 55 S.Ct. 570, 79 L.Ed. 1086), supra. The advertiser of frames may be using his ads to bring in customers who will buy lenses. If the advertisement of lenses is to be abolished or controlled, the advertising of frames must come under the same restraints; or so the legislature might think. We see ño constitutional reason why a State may not treat all who deal with the human eye as members of a profession *1071 who should use no merchandising methods for obtaining customers.” (Italics ours.)
Too, this court in the Rones case, supra in considering the constitutionality of LRS 37:1063(9) (it forbids “price advertising”), adopted the view of the majority of jurisdictions which hold statutes of that kind constitutional as tending to suppress (among other things) “bait advertising” in order to protect an uncautious and unwary public from being misled and deceived and to prevent the increase in sales and the incidental harm resulting from unfitted glasses. Similarly, the prohibition against all advertising by those persons who sell directly to the public tends appreciably to suppress those results. For this reason, particularly in view of the very close relation between the sale of eyeglasses and public health, we conclude, as did the United States Supreme Court in the Williamson case, that the prohibition presently under consideration is not contrary to the principles of due process but, rather, it is a reasonable exercise of the police power; and that, therefore, it is not unconstitutional.
For the reasons assigned the judgment of the Court of Appeal is annulled and set aside insofar as it deleted from the injunction against defendant Pearle Optical of Alexandria, Inc. the words “from advertising the sale of eyeglasses”, and the decree of the district court is reinstated and made the judgment of this court. All costs of this proceeding are to be borne by such defendant.