Argued April 5, reversed May 18, petition for rehearing
denied June 14, 1966

# ANGELOS *v.* STATE BOARD OF DENTAL
# EXAMINERS

414 P. 2d 335

*Henry Kane,* Assistant Attorney General, Portland, argued the cause for appellant. With him on the briefs was Robert Y. Thornton, Attorney General, Salem.

*Anthony Pelay, Jr.,* and *Oliver Crowther,* Portland, argued the cause and filed a brief for respondent.

King, Miller, Anderson, Nash & Yerke, Curtis Cutsforth, and Jean P. Lowman, Portland, filed a brief in support of appellant for Dr. John Anderson, Beaverton, et al. as amici curiae.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and SCHWAB, Justices.

## GOODWIN, J.

Plaintiff, a dentist, brought suit to have declared void a regulation,[1] promulgated by the Oregon State Board of Dental Examiners, which prohibits licensees from advertising certain dental specialties unless the dentist so advertising meets certain standards. Plaintiff had posted a sign reading "Dentistry-Orthodontics." The trial court summarily struck down the challenged regulation. The Board appeals.

---

[1] Oregon Administrative Rules, Ch 818, § 10-055 (December 11, 1962). "ADVERTISEMENTS TENDING TO DECEIVE OR MISLEAD THE PUBLIC.

"Unprofessional conduct for which a dentist may have his license revoked or suspended by the Board is defined in ORS 679.140 (2) (e) to include making use of any advertising statements of a character tending to deceive or mislead the public. Although it is a question of fact to be decided in each case, a violation of this statutory prohibition against making use of advertising statements of a character tending to deceive or mislead the public shall be presumed by using either in print or type or writing or by sign or by radio or by television:

"* * * * *

"(3) Advertising any specialty or phase of dentistry, unless conforming to the following rules:

"(a) The following specialties may be advertised: oral surgery, orthodontics, pedodontics, periodontology, prosthodontics, oral pathology, and oral roentgenology; and any accusation filed before the Board in accordance with ORS 679.150 alleging the advertisement of any specialty will be deemed sufficient to justify a hearing thereon; provided, however, that any specialty may be advertised if the dentist shows to the satisfaction of the Board that he is in fact a qualified specialist in that particular field.

"(b) Whether advertising by a dentist as a specialist tends to deceive or mislead the public is a question of fact to be decided in each individual case. However, some of the relevant factors which the board will take into consideration in making this factual determination is [sic] whether or not such dentist possesses the following basic professional and educational training:

"* * * * *

"(B) Orthodontics.

"(i) Be a diplomate of the American Board of Orthodontists, or

"(ii) Have successfully completed a course of study or training in orthodontics approved by the Board as to time and content.

"* * * * *"

Under its authority to "make and enforce rules * * * for regulating the practice of dentistry * * *," ORS 679.250 (7), the Board by regulation prohibits Oregon dentists from holding themselves out as specialists unless they meet certain standards of training and experience beyond the minimum required for a license to practice. The Board makes no attempt to restrain any dentist in the kinds of dentistry he performs, but merely seeks to regulate advertising within the meaning of ORS 679.140. The plaintiff asserts that the regulation is an unwarranted denial of a claimed right to advise the public that he is qualified to practice any or all professionally recognized forms of dentistry.

After hearing the opening statements of counsel, the trial court determined that a judgment on the pleadings was appropriate. The Board had admitted in its answer that every duly licensed Oregon dentist is authorized to practice orthodontia (as well as all other dental specialties). The Board merely asserts the power to prevent a nonspecialist from holding himself out as possessed of special skill. The trial court decision thus squarely presents the issue whether the Board has power to prohibit practitioners from *advertising as specialists* in subdivisions of their professional field in which they are admittedly entitled to *practice,* but in which they have not qualified themselves as specialists.

■ It is settled that the legislature constitutionally may regulate dental advertising. *Semler v. Oregon Dental Examiners,* 148 Or 50, 34 P2d 311 (1934), affirmed 294 US 608, 55 S Ct 570, 79 L Ed 1086 (1935). There is thus no constitutional barrier to the Board's action if a proper delegation of power has been made by the legislature.

There is no allegation in this case of procedural irregularity in the adoption of the challenged regulation. This case therefore turns upon the scope of the delegated rule-making authority. ORS 183.400 (2). We must decide whether the general power to "make and enforce rules * * * for regulating the practice of dentistry * * *" includes the power to legislate concerning the manner in which a licensee holds himself out as an expert in the one or more subdivisions or "specialties" of the dental practice.

By the enactment of ORS 679.250 (7), which authorizes the Board to promulgate administrative regulations, the Legislative Assembly has established certain criteria to be considered in the exercise of the rule-making power:

"* * * In adopting rules and regulations, the board shall take into account all relevant factors germane to an orderly and fair administration of this chapter and of ORS chapter 680, the practices generally and currently followed and accepted by persons licensed to practice dentistry in this state, dental techniques commonly in use, relevant technical reports published in recognized dental journals, the curriculum at accredited dental schools, the desirability of reasonable experimentation in the furtherance of the dental arts, and the desirability of providing the highest standard of dental care to the public consistent with the lowest economic cost."

■ Upon examining other sections of the same chapter, we find that the legislature has specifically denounced misleading advertising, and has designated it as a ground for disciplinary action. ORS 679.140. The statute does not define what might be characterized as misleading advertising, but it is reasonable to assume that the Legislative Assembly was willing to

leave the drafting of specific definitions to the agency which it had created and empowered to make rules. We believe that the legislative grant of authority is clear in the case at bar, and that it was within the power of the Board to promulgate the rule which is here under attack. See *Phelps Dodge Corp. v. Labor Board*, 313 US 177, 194, 61 S Ct 845, 85 L Ed 1271, 133 ALR 1217 (1940), where Justice Frankfurter advised courts to remember that "the power with which Congress invested the Board implies responsibility— the responsibility of exercising its judgment in employing the statutory powers." 313 US at 194.

■ The only remaining issue in the case is whether the placement of the sign "Dentistry-Orthodontics" is, in fact, a holding out to the public that the plaintiff is a specialist. He denies that his sign constitutes such a representation. The Board is of the opinion that such a sign is such a representation, and that it is at least potentially deceptive. Indeed, it might be asked, if the sign is not intended to create in the public mind an impression of expertness on the part of the dentist, why should the dentist seek to display it? Since, as we view the matter, the Board reasonably could have concluded that the effect of the sign was to create the unwarranted impression that the advertising dentist was a specialist, the Board's action in proscribing such signs cannot be said, as a matter of law, to be an unreasonable exercise of its authority. Accordingly, the regulation is valid.

Reversed.