

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 25, 1974

The Honorable Carl C. Hardin, Jr.
Executive Secretary
Texas State Board of Dental Examiners
Capital National Bank Building
Austin, Texas 78701

Opinion No. H-283

Re: Construction of Senate Bill 222, 63rd Legislature, Regular Session, 1973

Dear Mr. Hardin:

You have requested our opinion as to the effect of certain amendments to the Dental Practice Act made by the 63rd Legislature and now codified as Articles 4551d(1) and 4551f(6), V.T.C.S. In your request you advise that Texas dentists commonly patronize dental laboratories and dental technicians situated outside the state. Prescriptions for dental restorations needed by these dentists' patients are sent to out-of-state laboratories for fabrication by the dental technicians employed.there. Most of the dental work done by these foreign laboratories is returned through the mails. You ask whether the amendments to the Dental Practice Act made by the 63rd Legislature now prohibit out-of-state dental laboratories and dental technicians from filling a prescription for dental work submitted by a Texas dentist for one of his patients.

Article 4551d(1) empowers the Texas State Board of Dental Examiners to adopt rules and regulations pertaining to dental laboratories and dental technicians. Article 4551f(6)(a) requires dental laboratories and dental technicians to register with the Board as follows:

"(6)(a) It shall be the duty of the owner, owners, and manager of each dental laboratory in this State to annually apply to and register each dental laboratory in this State with which he has any connection or interest with the Texas State Board of Dental Examiners on or before March 1 of each calendar year and to pay in con-

nection with such application a fee of not less than
$25 nor more than $200 as determined by the Board
according to the needs of the Board to the Dental
Registration Fund, and such application shall set
forth such facts as the Board may require. It shall
also be the duty of each dental laboratory technician
registered pursuant to this Act and as provided by
the Texas State Board of Dental Examiners in its rules
and regulations to annually apply to and to register
with the Texas State Board of Dental Examiners on or
before March 1 of each calendar year, and to pay in
connection with such application a fee of not less than
$10 nor more than $25 as determined by the Board
according to the needs of said Board to the Dental
Registration Fund, and such application shall set forth
such facts as the Board may require; further, a list of
all other employees of a dental laboratory who are not
required to register hereunder shall be furnished quar-
terly to the Texas State Board of Dental Examiners and
to the Dental Laboratory Advisory Board as provided in
the rules of the Board."

Subsection (c) of Article 4551f(6) provides:

"(c) From and after the effective date of this Act,
it shall be unlawful for anyone other than a dental labora-
tory or dental technician duly registered hereunder, to
fill any prescription for a dental prosthetic appliance or
the repair thereof, to be delivered by a licensed dentist
in this State to a dental patient."

An interpretation of Subsection (c) that prohibited out-of-state dental
laboratories or technicians from filling prescriptions for Texas dentists
would clearly be suspect as imposing an undue burden on interstate commerce.
We need not reach that question because we interpret that subsection to pro-
vide no more than that, before any laboratory or technician - regardless of
where it or he is located - can fill a prescription submitted by a Texas dentist

for one of his patients, it must first be duly registered in accordance with the provisions of Article 4551f(6)(a).  While Article 4551f(6)(a) requires all Texas dental laboratories and technicians to register with the Board, it does not preclude out-of-state laboratories or technicians from also registering under its provisions if they wish to service Texas dentists.  Thus under Article 4551f(6) of the Dental Practice Act an out-of-state dental laboratory or technician is not precluded from filling prescriptions for Texas dentists so long as it or he has registered in accordance with the provisions of subsection(a).

We incidentally note that is has long been settled that the Legislature may regulate the practice of dentistry and related skills in this manner under its police powers.  Semler v. Dental Examiners, 294 U.S. 608(1935) and Carp v. Texas State Board of Examiners in Optometry, 401 S.W. 2d 639 (Tex. Civ. App., Dallas, 1966), rev'd on other grounds, 412 S.W. 2d 307 (Tex. 1967).  In our opinion any burden imposed upon interstate commerce by our interpretation of Article 4551f(6) is neither undue nor clearly excessive in relation to the local health benefits to be derived from these provisions.  See Huron Portland Cement Co. v. City of Detroit, 362 U.S. 440 (1960) and Dixie Dairy Company v. City of Chicago, 355 F. Supp. 1351 (N.D. Ill. 1973).

## SUMMARY

Article 4551f(6)(c), V.T.C.S., does not prohibit out-of-state dental laboratories or technicians from filling prescriptions for Texas dentists so long as they have registered with the Texas State Board of Dental Examiners in accordance with the provisions of Article 4551f(6)(a).

Very truly yours,

JOHN L. HILL
Attorney General of Texas

The Honorable Carl C. Hardin, Jr., page 4    (H-284)

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee