Submitted on record and briefs March 19, affirmed April 7, 1975

BERNARD, *Appellant, v.* OREGON STATE
BOARD OF DENTAL EXAMINERS (No. 395-802),
*Respondent.*

533 P2d 833

Kenneth Bourne and Anthony Pelay, Jr., Portland,
for appellant.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, for respondent.

Before LANGTRY, Presiding Judge, and FORT and
THORNTON, Judges.

LANGTRY, P. J.

ORS ch 679 provides for the licensing and regulation of dentists in the state of Oregon. The 1973 Legislature enacted Oregon Laws 1973, ch 554, which is entitled "Relating to dentistry; amending ORS 679.140." Prior to the amendment approximately 20 courses of conduct by dentists were described in ORS 679.140 which could result in revocation or suspension of licenses to practice. Chapter 554 amended this statute to provide two additional courses of conduct which could bring about the same result. They are ORS 679.140(2)(L) and (m):

"(L) Advertising which makes reference to any anesthetic, drug, formula, material, medicine, method or system to be used in treatment.

"(m) Advertising extractions, artificial teeth or dentures."

After the 1973 enactment plaintiff Bernard filed this declaratory judgment action, seeking to have the newly enacted paragraphs declared invalid.

Plaintiff alleged that he had "* * * informed the public that [he] performed extractions, administered anesthetics, straightened teeth, constructed prosthetic dentures, and treated disorders or deficiencies of the human oral cavity, by means of a telephone directory advertisement * * *." Such advertisements, if the amendments to the statute are valid, were prohibited after the effective date of the amendments. Plaintiff contends that the amendments are invalid because they are repugnant to and irreconcilable with the licensing provisions of ORS ch 679, and also that the title does not notify the reader that the amendments would affect the licensing provisions of the Act. Similar contentions were made by plaintiff in the trial court which held against him, resulting in this appeal.

The licensing provisions of ORS ch 679 are ORS 679.020 and 679.025. The first requires that no

person shall practice dentistry without a license and the second defines the practice of dentistry. Among the definitions in ORS 679.025 is subsection (1) which defines a dentist as one who (b) "[i]nforms the public in any manner that he practices or attempts to practice dentistry by any means or methods, as defined in this section" or (c) "[d]iagnoses, treats * * * disorders or deficiencies of the human oral cavity * * * gratuitously or for a salary * * *."

■ The gist of plaintiff's argument is that having a license to be a dentist in Oregon gives him a "right" to do all of the things that are set forth in the definition of dentistry, that advertising is simply informing people of what he has a right to do. This argument overlooks the fact that ORS 679.140 specifically sets out reasons for which his license can be revoked or suspended. This section is not repugnant to or irreconcilable with the definition of dentistry contained in ORS 679.025, but rather is simply definitive of the things that are prohibited for those who obtain licenses. In other words the two statutes, read *in pari materia,* are quite reconcilable. Plaintiff presses upon us in support of his argument *Semler v. Oregon Dental Examiners,* 148 Or 50, 34 P2d 311 (1934), *aff'd* 294 US 608, 55 S Ct 570, 79 L Ed 1086 (1935). There is little support for his argument in that case. There the Supreme Court of Oregon said:

"* * * [A]fter the issuance of the [dentist's] license, the state, in the exercise of its police power, may also prescribe reasonable rules and regulations governing the subsequent conduct of the licensee * * * [W]hile the right of the plaintiff to practice his profession is a valuable one and is in the nature of a property right of which he cannot be arbitrarily deprived, it is, nevertheless, a privilege subordinate to the duty of the state to enact reasonable laws to protect the public health and safety.

"* * * * *

"* * * *Laughney v. Maybury,* 145 Wash. 146 (259 P. 17, 54 A.L.R. 393), is in keeping with our views * * *. In that case the validity of a statutory provision * * * of Washington was upheld prohibiting osteopathic physicians and surgeons from 'all advertising of any kind or character other than the carrying of a professional card, window, or street sign'. * * *" 148 Or at 55-9.

■ Inasmuch as we find the challenged 1973 amendments to ORS 679.140 were not repugnant to the licensing provisions of the Act, plaintiff's contention concerning the title of the Act is not valid.

Affirmed.